UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 3GTMS INC., MITCH WESELEY, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | 3:17-cv-00145-WWE |
| | : | |
| GEOFF COMRIE, | : | |
|     Defendant. | : | |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

In this action, plaintiffs 3GTMS and Mitch Weseley allege breach of settlement agreement (Count I), defamation (Count II), tortious interference with business relations (Count III), and false light (Count IV) against defendant Geoff Comrie. Plaintiffs assert that as part of an earlier settlement agreement between the parties in the District of Connecticut, defendant agreed to refrain from disclosing confidential information or making disparaging statements concerning plaintiffs. It is alleged that defendant breached that agreement by distributing a series of false, misleading, and disparaging email letters concerning plaintiffs to parties in Connecticut, including board members of 3GTMS. Defendant has now moved to dismiss this action for lack of personal jurisdiction. For the following reasons, defendant's motion will be denied.

Plaintiffs bear the burden of demonstrating personal jurisdiction over defendant. See Metro Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996). Prior to discovery, plaintiffs may defeat a motion to dismiss by pleading legally sufficient allegations of personal jurisdiction. See Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990).

To determine the existence of personal jurisdiction over defendant, the court must look first to whether the state's long-arm statute reaches defendant's conduct and then analyze whether asserting

jurisdiction comports with due process. Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L., 264 F.3d 32, 37 (2d Cir. 2001).

Defendant argues that he does not transact or solicit business in Connecticut, has not committed any tortious acts in Connecticut, and does not engage in any other persistent course of conduct in Connecticut. Defendant views and analyzes his individual actions involving Connecticut in isolation, arguing that each is insufficient to establish jurisdiction. When viewed in totality, defendant's contacts are more than sufficient.

Defendant is a former employee and a current 10% shareholder of 3GTMS, which is located in Shelton, Connecticut. His employment ended in September 2015. While working at 3GTMS, defendant traveled to Connecticut at least three times per year to attend meetings. After leaving 3GTMS, defendant filed a wrongful termination lawsuit against plaintiffs in the District of Connecticut. Defendant retained Connecticut counsel to prosecute that case. The case was settled, and the settlement agreement expressly prohibited defendant from disclosing confidential information of 3GTMS or making disparaging statements concerning 3GTMS or Weseley. Nevertheless, in January 2017, defendant directed a series of disparaging emails at Connecticut residents, including a "wide swath of 3GTMS stockholders, non-stockholder employees, board of directors and third parties."

> Like the sale of real property, the entry into a settlement agreement to resolve a civil action is a "legal act of a most serious nature. It uses terms and procedures commonly associated with business and involves a financial transaction." *Id.* The court concludes that execution of such an agreement falls within the "appropriately broad meaning of the term 'business' in [Section] 52–59b." *Id. See Grand River Enterprises Six Nations, Ltd. v. Pryor,* 425 F.3d 158, 167 (2d Cir.2005) ("Settling a civil suit seeking compensation for, inter alia, healthcare costs is a business transaction.") (citing *Ainbinder v. Potter,* 282 F.Supp.2d 180, 186–87 (S.D.N.Y.2003)); *Zartolas,* 184 Conn. at 473, 440 A.2d 179 (finding pertinent judicial interpretation of New York's long arm statute in construing the term "transacts any business.").

Quinn v. Fishkin, 117 F. Supp. 3d 134, 141 (D. Conn. 2015). Defendant's entry into a settlement agreement at the conclusion of the case he filed against his employer in Connecticut, which agreement

2

serves in part as the basis of the instant action, is sufficient to satisfy the business transaction requirement of Connecticut's long-arm statute.

Moreover, exercise of personal jurisdiction satisfies the minimum contacts and reasonableness tests as not to violate federal due process. See id. Defendant has purposefully availed himself of the privilege of doing business in this forum and could have foreseen being haled into court here. See Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 169 (2d Cir. 2015). Considering his history of contacts with the State, including the initiation of the prior lawsuit, the burden of answering the claims that he breached the prior settlement agreement is not great. In contrast, Connecticut's interests in adjudicating the case are strong, as are plaintiffs' interests in obtaining convenient and effective relief. The aggrieved parties and their alleged injuries are located here, and the prior settlement agreement was expressly subject to Connecticut law. This Court is best positioned to resolve the controversy efficiently and effectively. Accordingly, the assertion of personal jurisdiction comports with fair play and substantial justice. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction is DENIED.

Dated this 6th day of September, 2017, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

3